UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RUSSELL COCKRIEL JR.,

    Plaintiff,

vs.                                  CASE NO.:

HARRACK TRUCKING & LAND
CLEARING, INC., a Florida For
Profit Corporation, and PATRICK
HARRACK, Individually,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, RUSSELL COCKRIEL JR., by and through the undersigned attorney, sues the Defendants, HARRACK TRUCKING & LAND CLEARING, INC., a Florida Corporation, and PATRICK HARRACK, Individually, and alleges:

    1.    Plaintiff, RUSSELL COCKRIEL JR., was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

**General Allegations**

    2.    Plaintiff, RUSSELL COCKRIEL JR. was an employee who worked at Defendants' property within the last three years in Brevard County, Florida.

3. Plaintiff, RUSSELL COCKRIEL JR., worked for Defendants as a daily rate paid employee earning $100.00 per day.

4. Plaintiff, RUSSELL COCKRIEL JR., worked as a laborer for Defendants.

5. At all times material to this cause of action, Plaintiff, RUSSELL COCKRIEL JR., was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

6. Defendant, HARRACK TRUCKING & LAND CLEARING, INC., is a Florida for profit Corporation that operates and conducts business in Brevard County, Florida and is therefore, within the jurisdiction of this Court.

7. Defendant, HARRACK TRUCKING & LAND CLEARING, INC., operates as a land clearing company.

8. At all times relevant to this action, PATRICK HARRACK was an individual resident of the State of Florida, who owned and operated HARRACK TRUCKING & LAND CLEARING, INC., and who regularly exercised the authority to: (a) hire and fire employees of HARRACK TRUCKING & LAND CLEARING, INC.; (b) determine the work schedules for the employees of HARRACK TRUCKING & LAND CLEARING, INC., and (c) control the finances and operations of HARRACK TRUCKING & LAND CLEARING, INC.. By virtue of having regularly exercised that authority on behalf of HARRACK TRUCKING &

LAND CLEARING, INC., PATRICK HARRACK is/was an employer as defined by 29 U.S.C. § 201, et seq.

9. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

10. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

11. During Plaintiff's employment with Defendants, Defendant, HARRACK TRUCKING & LAND CLEARING, INC., earned more than $500,000.00 per year in gross sales.

12. Defendant, HARRACK TRUCKING & LAND CLEARING, INC., employed in excess of ten (10) employees and paid these employees plus earned a profit from their business.

13. During Plaintiff's employment, Defendant, HARRACK TRUCKING & LAND CLEARING, INC., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as cement, grading pipes, excavators, loaders, skid steers, cement rollers, house pads, sod pallets, and other tools/materials used to run the business.

14. Therefore, at all material times relevant to this action, Defendant, HARRACK TRUCKING & LAND CLEARING, INC., was an enterprise covered

by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

15. Additionally, Plaintiff, RUSSELL COCKRIEL JR., is individually covered under the FLSA.

## FLSA Violations

16. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for all overtime hours worked.

17. Plaintiff routinely worked in excess of forty (40) hours per week.

18. Plaintiff routinely worked five (5) to six (6) days per week.

19. During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

20. Specifically, Defendants compensated Plaintiff a daily rate without any additional overtime compensation despite working overtime hours in one or more weeks.

21. Plaintiff is entitled to the half-time premium for all hours worked in excess of forty (40) per week.

22. Plaintiff's half-time premium should have been calculated by determining his actual hourly rate each week. (i.e. weekly earnings/total hours worked)

23. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

24. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

25. The undersigned has made an effort to resolve this matter without the need for litigation however those efforts have been unsuccessful.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above as though stated fully herein.

27. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

28. During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

29. Plaintiff was paid his regular daily rate for all days worked regardless of how many overtime hours were worked in the workweek.

30. Defendants have failed provide accurate overtime compensation for numerous pay periods.

31. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

32. In addition, Defendants failed to post the required informational listings for the Plaintiff and other employees pursuant to the FLSA.

33. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

34. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

35. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, RUSSELL COCKRIEL JR. demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this __8__ day of November 2021

_____
Matthew Gunter, Esq.
FL Bar No.: 0077459
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, 15th Floor
Orlando, FL 32801
MAILING: P.O. Box 530244
Atlanta, GA 30353-0244
Main Tel.: (407) 420-1414
Direct Tel.: (407) 236-0946

Facsimile: (407) 867-4791
Email: <u>MGunter@forthepeople.com</u>
*Counsel for Plaintiff*